Leslie Williams (SBN: 91932)
lwilliams@wkbllp.com
Lisbeth Bosshart Merrill (SBN 201822)
lmerrill@wkbllp.com
Edward Chen (SBN 312553)
echen@wkbllp.com
WILSON KEADJIAN BROWNDORF, LLP
1900 Main Street, Suite 600
Irvine, CA 92614
Tel: (888) 690-5557
Fax: (949) 234-6254

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

ORZ, GmbH & Co. KG, a German Corporation,

Plaintiff,

v.

Erich Thaler, an individual; and Thaler Design Corporation, a Nevada corporation,

Defendants.

**COMPLAINT FOR:**

1. **TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT (15 U.S.C. § 1114)(1)(a)**
2. **COMMON LAW TRADEMARK INFRINGEMENT**
3. **FALSE DESIGNATION OF ORIGIN IN VIOLATION OF THE LANHAM ACT (15 U.S.C. § 1125(a))**
4. **UNFAIR COMPETITION UNDER CALIFORNIA LAW (Cal. Bus. & Prof. Code §17200)**
5. **COMMON LAW UNFAIR COMPETITION**
6. **DESIGN PATENT INFRINGEMENT (35 U.S.C. §271)**
7. **DECLARATORY RELIEF (Fed. R. Civ. P. 57 and 28 U.S.C. §§2201 and 2202)**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Plaintiff ORZ, GmbH & Co. KG ("Plaintiff" or "ORZ") brings this action to stop the acts of Defendants Erich Thaler ("Thaler") and Thaler Design Corporation ("TDC", collectively referred to as "Defendants") from acts of design patent and trademark infringement and unfair competition by passing off Plaintiff's business as Defendants' business, particularly with regard to Plaintiff's tuning and body kit, comprising of a new front part for Chrysler's JK Wrangler Jeep. Plaintiff's tuning and body kit gives the Jeep a retro, 1960's look, and Plaintiff designed it and has shown it to prospective buyers as the M7 Kit or the "Bawarrion M 7 JK Front Kit" ("M7 Kit").

2. In addition to injunctive relief for Defendants' infringement of the M7 Kit, Plaintiff seeks relief from Defendants' infringement of two trademarks, Bawarrion and Bawarrion M 7 (collectively referred to as the "Bawarrion Marks"). Plaintiff also seeks injunctive relief for Defendants' offering of the M7 Kit for sale or any product that is the same or similar to the M7 Kit marketed by Plaintiff, and Defendants' use of the Bawarrion Marks.

3. For over twenty years, ORZ has been in the business of designing, producing and selling tuning kits and other accessories for the Chrysler Jeep. The name ORZ stands for exclusive, aesthetically and technically high quality products for Jeep. ORZ's reputation in this regard is well known in Germany, throughout Europe and is increasing in the United States.

4. Plaintiff's managing director is the creator of the design of the M7 Kit, which is comprised of a distinctiveengine hood, grill, inner and outer fenders.Since late 2015, the designs of Plaintiff's M7 Kit included sketches, drawings, and specific technical details of the front part to outfit the JK Wrangler Jeep.

5. Plaintiff commissioned Defendants to develop the M7 design into a working prototype, but did not authorize Defendants to produce, distribute or offer the M7 Kit for sale alone or under the Bawarrion Marks. Instead of developing a working prototype of

///

the M7 Kit, Defendants disregarded the terms of the engagement and have repeatedly infringed upon Plaintiff's rights.

**JURISDICTION AND VENUE**

6. This is a civil action for trademark infringement, design patent infringement, false designation of origin and unfair competition in violation of 15 U.S.C. §§ 1114(1)(a), 1125(a), California Business and Professions Code §17200, 35 U.S.C. §271 and common law.

7. This Court has jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over Plaintiff's related unfair competition claims based on state law pursuant to 28 U.S.C. §§ 1338(b) and 1367.

8. Advertising through Thaler Design's website is shown and viewed in California and elsewhere in the United States. Such advertising incorporates photos of ORZ's JK Wrangler Jeep outfitted with the M7 Kit and showing Plaintiff's Bawarrion Marks.

9. Venue is proper in this district pursuant to 28 U.S.C § 1391 (b) and (c) because Defendants are subject to personal jurisdiction within this judicial district and because a substantial part of the events giving rise to these claims occurred in this judicial district.

10. At all times during the course of dealing with Defendants, Plaintiff and its Managing Director or employees have dealt with Defendant Thaler who, upon information and belief,lives in San Bernardino County, California and Defendant Thaler Design Corporation which upon information and belief, is based in and has its primary place of business in San Bernardino County, California.

**THE PARTIES**

11. Plaintiff is a German corporation, having its principal place of business at Carl von Linde Straße 10, Unterschleißheim, Germany 85716.

///

12. Plaintiff alleges upon information and belief, Defendant Erich Thaler is an individual, residing at 7110 Luane Trail, Colton, 92324 in San Bernardino County, California.

13. Plaintiff alleges upon information and belief, Defendant Thaler Design Corporation is a Nevada corporation, having its principal place of business in San Bernardino County at 7110 Luane Trail, Colton, 92324, in San Bernardino County, California.

14. Plaintiff alleges upon information and belief that Defendants are engaged in the business of developing designs for other manufacturers in the automotive industry, but not for Chrysler Jeep, nor have Defendants, prior to contact with Plaintiff, done development work for the Chrysler Jeep.

**FACTUAL ALLEGATIONS**

15. Following registration of Plaintiff's industrial designs that cover the engine hood, grill and fendersof the M7 Kitwith the European Union Intellectual Property Office (EUIPO), Plaintiff filed for extension of protection of said M7 Kit designs to the United States through the Hague International Design System, and filed its World Intellectual Property Organization (WIPO) application # 56116 (hereafter "WIPO 56116 Application"), which is now pending review before the USPTO.(Exhibit "A").

16. To date, there is no evidence of any priority claimed by any third party, including Defendants, for design protection in the United States or other jurisdiction. Following publication by the Hague, which will occur shortly,Plaintiff will engage with local U.S. counsel to address any issues, if at all, for the examination of the WIPO 56116 Application before the USPTO.

17. Plaintiff has registered trademark rights in Germany for the Bawarrion trademark and the Bawarrion M 7 trademark(Exhibit "B")

18. Plaintiff has filed to extend protection of the Bawarrion trademark to the U.S. under serial #87062349. (Exhibit "C")

///

19. The Bawarrion trademark application was approved for publication by the US trademark examiner and will be published on February 21, 2017.

20. Plaintiff filed for protection of Bawarrion M 7 markdirectly with the USPTO. The applied for Bawarrion M 7 mark is pending before the USPTOdirectly under serial number by #87291873. There are no other prior rights in the applied for mark. (Exhibit "D")

21. Plaintiff has advertised and marketed its products using the Bawarrion and Bawarrion M 7 marks in the U.S., pending registration by the USPTO, and has acquired unregistered rights based on use.

22. In or around June of 2016, Plaintiff filed for industrial design protection with regard to the designs of the M7 Kit, which is comprised of the engine hood, grill and fenders in the European Union.

23. On September 9, 2016, EUIPO registrations issued for two of the M7 Kit designs, namely #s 003367705-002 and -003. (Exhibit "E").

24. Thereafter, two further EUIPO designs registered on October 11, 2016 #s 003415025-0001 and -0002 (Exhibit "F")

25. These registrations cover the same subject matter as that applied for in Plaintiff's WIPO 56116 Application, namely fenders for vehicles, engines for vehicles and front part for vehicle in class-subclass 12-16, and embody the M7 Kit designs.

26. The WIPO 56116 Application designates the U.S. for extension of protection, with a priority date of October 11, 2016. As soon as the Hague publication of the same is issued, Plaintiff will engage local U.S. counsel to address any issues, if at all, for the examination of the WIPO 56116 Application before the USPTO.

27. Beginning from early 2016, Plaintiff commissioned Defendants to develop a working prototype from designs of the M7 Kit. On this basis, Plaintiff provided Defendants with access to the designs, treating Defendants at all times as a commissioned party to develop a working model, free of defects.Plaintiff further agreed to pay

///

Defendants for said development work, following Defendants' proof of functionality and delivery of the forms and other materials embodying the development of the design.

28. Writings between Plaintiff, Defendant Thaler and Thaler Design, LLC, a California limited liability company which existed prior to the formation of Defendant Thaler Design Corporation, show that Plaintiff engaged Defendants to develop its M7 Kit designs and produce a working prototype.Defendants were aware of the Bawarrion Marks and M7 design, as Defendants were on actual notice at the latest around May 23, 2016, the date that Plaintiff and Defendant Thaler entered into a non-disclosure agreement regarding Plaintiff's Bawarrion Marks and M7 Kit designs.(Exhibit "G")

29. In or around June of 2016, Plaintiff paid $24,220.00 to Defendants for the development work achieved to date and for molds which Defendants wanted a third party manufacturer located in Riverside County, Predator Molded Products ("Predator"), to produce.

30. In or around September of 2016, Plaintiff asked Defendants to deliver the computer-aided designs ("CAD") in order to obtain quotes for production of the M7 Kits. However,for reasons unrelated to the transaction between the parties, Defendants wanted to have the M7 Kits produced by Predator.

31. Ultimately and in order to ensure a product that could be demonstrated at the Specialty Equipment Market Associations (SEMA) show in November 2016, Plaintiff agreed with Defendants to a detailed written agreement of the development work, proof of functionality, and payment schedule. This agreement was signed by both parties on November 4, 2016 ("Cooperation Agreement"). ("Exhibit "H")

32. The Cooperation Agreement covers work by Defendants prior thereto for which Plaintiff made payment of $24,220.00 on June 3, 2016, but for which Plaintiff did not receive CAD designs, materials or other tangible proof of the development work performed by Defendants at that time. (Exhibit "I")

33. During the SEMA show from November 1-4, 2016, the M 7 demonstration vehicle of Plaintiff showing decorative aspects of the M7 Kit was displayed and received

much attention and customer interest. On November 7, Plaintiff left its demonstration vehicle, showing the, at the facility of Predator for Defendants to continue the work of perfecting the functionality of the M 7 demonstration vehicle.

34. On November 9, Plaintiff's representative returned to take possession of the demonstration vehicle, but was barred from accessing it. Plaintiff's representative saw that the demonstration vehicle had been stripped of the doors and parts for the M7 Kit. Plaintiff's representative was able to retrieve the demonstration vehicle about one week later, but retrieved it in a damaged and stripped state. After learning of the missing items, Plaintiff made repeated requests for Defendants to return the missing items. To date, neither the decorative aspects of the demonstration vehicle, nor the original doors or other parts of the M7 Kit have been returned to Plaintiff.

35. At the time of leaving the demonstration vehicle for Defendants to work on the technical aspects, Plaintiff and Defendants agreed to a meeting on November 27 in Riverside, in order for Plaintiff to inspect the completed development of the M7 Kit prototype for functionality and delivery of all materials containing the development work product, including moulds, CAD designs and related materials. Instead, Defendants stalled on performance, refused to provide any materials or forms that embodied the prototype of the M7 Kit, canceled the meeting scheduled for November 27, 2016 and have since not responded positively to requests by Plaintiff to complete performance.

36. Defendants have advertised the M 7 Kit on their website, www.actioncamper.com,displaying numerous photos of Plaintiff's model Jeep showing the M7 Kit, taken during the SEMA show, and showing Plaintiff's demonstration vehicle of the M7 Kit and bearing Plaintiff's Bawarrion Marks. (Exhibit "J")

37. On information and belief, Plaintiff believes that Defendants have approached,or will approach, Plaintiff's potential customers in order to produce and sell the M7 Kit directly to such customers, depriving Plaintiff of its exclusive rights of production and distribution of its M7 Kit.

///

38. Defendants have advertised the M7 Kit on their website, showing digitally edited photos of the demonstration vehicle without the Bawarrion mark and in a different color than the original red color. (Exhibit "K")

39. Plaintiff's numerous attempts to reach a settlement in the differences between the parties with Defendants and Defendants' counsel have failed due to a lack of response or a delayed response from Defendants. Absent performance by Defendants delivery of the M7 Kit prototype, Plaintiff is left with no option but to engage a third party design developer to undertake the development work. Defendants' lack of performance also has the consequence of delaying Plaintiff's ability to meet the growing customer demand for the M7 Kit.

40. In order to protect its exclusive rights to produce and market the M7 Kit, Plaintiff is compelled to bring this complaint for injunctive relief against Defendants' continued infringement of its rights of ownership, exclusive production and sale of the M7 Kit,and exclusive ownership and use of the Bawarrion Marks.

41. Plaintiff also seeks injunctive relief in order to protect itself from harm resulting from Defendants' acts which have already caused, and will continue to cause confusion among Plaintiff's existing and potential customers of the M7 Kit. Plaintiff also seeks injunctive relief to further prevent confusion regarding the origin of the M7 Kit, as identified by the Plaintiff's Bawarrion Marks.

42. Defendants are using the Bawarrion Marks without Plaintiff's authorization and causing confusion between Plaintiff's business and that of Defendants. Defendants are also using the description "M7" to market Plaintiff's M7 Kit, and causing damage to Plaintiff's rights to produce and sell the M7 Kit in the United States.Defendants' use of the M7 Kit and use of the Bawarrion Marksare deliberate, unauthorized and unlawful uses of Plaintiff's design and trademark rights to the M7 Kit, and the Bawarrion Marks.

43. The totality of Defendants' actions result in passing off Plaintiff's business as Defendants'own, which further violates California unfair competition laws.

///

44. There is no remedy available to Plaintiff that will curtail current and future unfair competition conduct by Defendants and protect against their unauthorized advertising of the M7 Kit, production and distribution in the United States market of the M7 Kit, or unauthorized use of the Bawarrion Marks than for Plaintiff to seek injunctive relief from this court.

**FIRST CAUSE OF ACTION**

**Trademark Infringement [Lanham Act 15 U.S.C§ 1114(1)(a)]**

45. Plaintiff realleges each and every allegation set forth in the foregoing paragraphs and incorporates them as though fully set forth herein.

46. Plaintiff is the record owner ofthe German Trademarks and applicant of the Bawarrion Marks under serial numbers #87062349 and #87291873 which are pending protection in the United States by extension or directly, respectively. No prior third party rights to date have been raised, which would preclude either mark from registration by the USPTO.

47. Defendants' advertisement of the M7 Kit, in conjunction with usage of the Bawarrion Marks is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Defendants' products are genuine, authorized or approved by Plaintiff.

48. Defendants' advertisement of the M7 Kit, in conjunction with usage of the Bawarrion Marks is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Defendants' products are genuine, authorized or approved by Plaintiff.

49. Defendants' conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

50. Plaintiff alleges, upon information and belief, that Defendants' misappropriation of the Bawarrion Marks was and is willfully intentional.

51. Plaintiff alleges, upon information and belief, that Defendants have made or will make substantial profits and gains to which they are not entitled to in law or equity.

52. Plaintiff alleges, upon information and belief, that Defendants continue their infringing acts,and will continue to infringe Plaintiff's marks and design rights for theM7 Kit, unless restrained by this Court.

53. Defendants' conduct has damaged and will continue to damage Plaintiff and Plaintiff has no adequate remedy at law.

**SECOND CAUSE OF ACTION**

**Common Law Trademark Infringement**

54. Plaintiff realleges each and every allegation set forth in the foregoing paragraphs and incorporates them as though fully set forth herein.

55. Plaintiff has valid and protectable common law rights in the Bawarrion Marks.

56. Plaintiff's M7 Kit and the Bawarrion Marks are inherently distinctive and products affixed with the Bawarrion Marks are known to be designed and produced by Plaintiff. The Bawarrion Marks have been very successful and have developed a substantial reputation and goodwill in the United States and throughout Europe. The M7 Kit has garnered much attention in the marketplace and has developed a substantial reputation and goodwill as Plaintiff's product.

57. Defendants' acts, including but not limited to, Defendants' display of Plaintiff's M7 Kit as shown on Plaintiff's demonstration vehicle on Defendants' website, Defendants' removal of the Bawarrion Marks and display of digitally edited photos of the demonstration vehicle showing Plaintiff's M7 Kit is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation with Plaintiff's M7 Kit and is likely to cause the public to believe in error that such products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Plaintiff is in some way affiliated with Defendants.

58. Defendants were aware of the Bawarrion Marks and M7 design, as Defendants were on actual notice at the latest around May 23, 2016, the date that Plaintiff

///

and Defendants entered into a non-disclosure agreement regarding Plaintiff's Bawarrion Marks and M7 Kit designs.

59. Defendants' use of the Bawarrion Marks on, or in connection with unauthorized products, including but not limited to the M7 Kit, is likely to cause confusion as to the origin of Defendants' products and is likely to cause the mistaken belief that the parties' businesses are related or that Defendants are authorized to represent Plaintiff.

60. Defendants' conduct, as described herein, constitutes infringement of Plaintiff's common law rights in the Bawarrion Marks.

61. Defendants' wrongful acts have permitted and will permit them to receive substantial profits based upon the strength and reputation of Plaintiff and the substantial goodwill it has built up in the Bawarrion Marks.

62. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged.

63. Unless an injunction is issued enjoining any continuing or future use by Defendants of the designs, trademarks, logos, product names and descriptions as described herein, such future or continuing use will likely continue to cause confusion and irreparable damages to Plaintiff.

## THIRD CAUSE OF ACTION

### False Designation of Origin [Lanham Act 15 U.S.C § 1125)(a)]

64. Plaintiff realleges each and every allegation set forth in the foregoing paragraphs and incorporates them as though fully set forth herein.

65. Plaintiff is the record owner of the German Bawarrion trademark, the applicant for the extension of protection of the same to the U.S. as shown in serial #87062349 and the applicant of the Bawarrion M 7 mark directly in the U.S. under USPTO serial #87291873.

66. Plaintiff's M7 Kit and the Bawarrion Marks are inherently distinctive and products affixed with the Bawarrion Marks are known to be designed and produced by

Plaintiff. The Bawarrion Marks have been very successful and have developed a substantial reputation and goodwill in Europe and in the United States. The M7 Kit has garnered much attention in the marketplace and has developed a substantial reputation and goodwill as Plaintiff's product.

67. Defendants were aware of the Bawarrion Marks and M7 design, as Defendants were on actual notice at the latest around May 23, 2016, the date that Plaintiff and Defendants entered into a non-disclosure agreement regarding Plaintiff's Bawarrion Marks and M7 Kit designs.

68. Defendants' advertisement, promotion and use of a spurious copy of Plaintiff's Bawarrion Marks is intended and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation with Plaintiff's M7 Kit and is likely to cause the public to believe in error that such products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Plaintiff is in some way affiliated with Defendants.

69. In addition to Defendants' display of Plaintiff's M7 Kit as shown on Plaintiff's demonstration vehicle on Defendants' website, Defendants' removal of the Bawarrion Marks and display of digitally edited photos of the demonstration vehicle showing Plaintiff's M7 Kit is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation with Plaintiff's M7 Kit and is likely to cause the public to believe in error that such products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Plaintiff is in some way affiliated with Defendants.

70. Plaintiff alleges, upon information and belief, that in addition to Defendants' acts which are likely to confuse, mislead, or deceive consumers and the public, Defendants have contacted or will contact third-parties in the course of business to manufacture and produce Plaintiff's M7 Kit for sale by Defendants.

71. Plaintiff alleges, upon information and belief, that Defendants have represented or will continue to represent to third-parties in the course of business that

their use of the Bawarrion Marks and M7 Kit design is authorized, sponsored, approved, endorsed, or licensed by Plaintiff. Third-party businesses are therefore likely to mistakenly believe that Defendants' use of Plaintiff's Bawarrion Marks and M7 Kit design have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Plaintiff is in some way affiliated with Defendants.

72. In addition to Defendants' display of Plaintiff's M7 Kit as shown on Plaintiff's demonstration vehicle on Defendants' website, Defendants' removal of the Bawarrion Marks and display of digitally edited photos of the demonstration vehicle showing Plaintiff's M7 Kit constitutes acts of passing off of Plaintiff's M7 Kit design as if they were Defendants' own designs.

73. Plaintiff alleges, upon information and belief, that by their acts, Defendants have made or will make substantial profits and gains to which they are not entitled in law or equity.

74. Defendants' acts constitute false designation of origin and false and misleading description and representation of fact, all in violation of 15 U.S.C § 1125(a).

75. Plaintiff alleges, upon information and belief, that Defendants intend to continue their infringing acts, and will continue to infringe Plaintiff's Bawarrion Marks and the M7 Kit, unless restrained by this Court.

76. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

77. Accordingly, Plaintiff is entitled to an order: (a) requiring Defendants to account to Plaintiff for any and all profits derived by Defendants from their actions, to be increased in accordance with the applicable provisions of law; and (b) awarding all damages sustained by Plaintiff caused by Defendants' conduct.

78. Plaintiff alleges, upon information and belief, that Defendants' conduct was and is intentional and without foundation in law, and thus, pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an award of treble damages against Defendants.

///

79. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is therefore entitled to an award of costs and attorneys' fees incurred in prosecuting this action.

## FOURTH CAUSE OF ACTION

### Unfair Competition

### (California Bus. & Prof. Code § 17200)

80. Plaintiff realleges each and every allegation set forth in the foregoing paragraphs and incorporates them as though fully set forth herein.

81. Plaintiff's M7 Kit and the Bawarrion Marks are inherently distinctive and products affixed with the Bawarrion Marks are known to be designed and produced by Plaintiff. The Bawarrion Marks have been very successful and have developed a substantial reputation and goodwill in Europe and the United States The M7 Kit has garnered much attention in the marketplace and has developed a substantial reputation and goodwill as Plaintiff's product.

82. Defendants' acts have impaired Plaintiff's goodwill and have otherwise adversely affected Plaintiff's business and reputation by use of unfair and fraudulent business practices. Also, Defendants' conduct violates federal and state statutory law, as set forth herein.

83. These acts constitute unfair competition and unfair business practices under California Business and Professions Code § 17200*et seq.*, the analogous statutes of other states, and California common law.

84. Absent injunctive relief, Plaintiff has no means by which to control Defendants' intentional exploitation of Plaintiff's common law trademark rights and pending U.S. design patent rights. Plaintiff is thereby entitled to injunctive relief prohibiting Defendants from continuing such acts of unfair competition. Plaintiff is also entitled to recover any of Defendants' profits derived from production, sale or offering for sale of the M7 Kit or any similar kit using Plaintiff's Bawarrion Marks, as well as its attorneys' fees and costs.

85. By performing the conduct described herein, Defendants have acted and continue to act with oppression, fraud, or malice, and intend to injure Plaintiff and gain an advantage at Plaintiff's expense. For this reason, Plaintiff is entitled to an award of punitive and exemplary damages against Defendants that are sufficient to punish and deter them from engaging in such conduct in the future, in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### Common Law Unfair Competition

86. Plaintiff realleges each and every allegation set forth in the foregoing paragraphs and incorporates them as though fully set forth herein.

87. Plaintiff has expended significant time and expense in developing the M7 Kit, and advertising its products under the Bawarrion Marks. Plaintiff's M7 Kit and the Bawarrion Marks are inherently distinctive and products affixed with the Bawarrion Marks are known to be designed and produced by Plaintiff. The Bawarrion Marks have been very successful and have developed a substantial reputation and goodwill in the marketplace. The M7 Kit has garnered much attention in the marketplace and has developed a substantial reputation and goodwill as Plaintiff's product.

88. Defendants have misappropriated Plaintiff's efforts and are exploiting the Bawarrion Marks, M7 Kit and Plaintiff's reputation to market and sell products that are identical to those of Plaintiff and that utilize the Bawarrion Marks. Defendants' actions constitute unfair competition.

89. In addition to Defendants' display of Plaintiff's M7 Kit as shown on Plaintiff's demonstration vehicle on Defendants' website, Defendants' removal of the Bawarrion Marks and display of digitally edited photos of the demonstration vehicle showing Plaintiff's M7 Kit constitutes acts of passing off of Plaintiff's M7 Kit design as if they were Defendants' own designs.

///

///

90. Plaintiff alleges, upon information and belief, that Defendants will continue to exploit the Bawarrion Marks, M7 Kit and Plaintiff's reputation with regard to customers, potential customers and other third-parties in the course of business.

91. As a direct and proximate result of Defendants' wrongful actions and conduct, Plaintiff has been and will continue to be damaged.

92. Unless an injunction is issued enjoining Defendants' unfairly competitive conduct, Plaintiff will continue to be irreparably damaged.

93. Plaintiff alleges, upon information and belief, that Defendants have acted willfully, intentionally and maliciously, such that Plaintiffs are entitled to punitive damages, in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### Design Patent Infringement

### (35 U.S.C. § 271)

94. Plaintiff realleges each and every allegation set forth in the foregoing paragraphs and incorporates them as though fully set forth herein.

95. Defendants have infringed and continue to infringe the design patent rights embodied in the M7 Kit bywhich Plaintiff has acquired in the EU and for which it has applied to extend protection to the U.S.

96. Plaintiff has acted in accordance with proper international application procedure, utilizing the Hague Convention on Industrial Design and WIPO administrative procedures to designate the U.S. Plaintiff will engage with local U.S. counsel to address any issues, if at all, for the examination of the WIPO 56116 Application before the USPTO.

97. Plaintiff alleges on information and belief that Defendants are using, selling and/or offering to sell in the United States, and/or importing into the United States the M7 Kit, without Plaintiff's authorization.

///

///

98. Plaintiff alleges, upon information and belief, that Defendants' infringement of the M7 Kit design has been and continues to be intentional, willful, and without regard to Plaintiff's rights.

99. Plaintiff alleges, upon information and belief, that Defendants' have gained or will gain profits by virtue of their infringement of the M7 Kit design.

100. As a direct and proximate result of Defendants' infringement of the M7 Kitdesign, Plaintiff has been and will continue to be damaged.

101. Plaintiff will suffer irreparable harm from Defendants' infringement of the M7 Kit Patent. Plaintiff has no adequate remedy at law and is entitled to an injunction against Defendants' continuing infringement of the M7 Kit design. Unless enjoined, Defendants will continue their infringing conduct.

102. Defendants' acts make this an exceptional case under 35 U.S.C. § 285, and Plaintiff is therefore entitled to an award of attorneys' fees and costs in prosecuting this action.

## SEVENTH CAUSE OF ACTION

**Declaratory Relief**

**(Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202)**

103. Plaintiff realleges each and every allegation set forth in the foregoing paragraphs and incorporates them as though fully set forth herein.

104. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights or legal relations of any party in any case where an actual controversy exists.

105. An actual controversy exists here between Plaintiff and Defendants, in that Plaintiff contends that Defendants are not authorized to use Plaintiff's M7 Kit designs and Bawarrion Marks, nor are they authorized to produce, sell, distribute, transfer, market or represent to the market that they are the owner, licensee or authorized representative of Plaintiff as to the M7 Kits. Additionally, Plaintiff contends that Defendants have

///

infringed and are continuing to infringe the Bawarrion Marks owned exclusively by Plaintiff.

106. Plaintiff alleges, upon information and belief, that Defendants will contend that they are authorized to use Plaintiff's M7 Kit designs and Bawarrion Marks. Plaintiff also alleges, upon information and belief, that Defendants will contend that they have not infringe Plaintiff's Bawarrion Marks or Plaintiff's design rights to the M7 Kit.

107. As such, an actual controversy exists between Plaintiff and Defendants. Plaintiff is entitled to a judicial determination as to the rights and obligations of the parties. Plaintiff respectfully requests that such a judicial determination be made by this Court to determine the parties' rights and obligations, as such determination is necessary and appropriate at this time.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court enter a judgment in favor of Plaintiff and against Defendants on all counts alleged herein;
2. That the Court enter a judgment against Defendants and finding that they have:
   a. Infringed Plaintiff's rights to the Bawarrion Marks and M7 Kit.
   b. Engaged in false designation of origin and unfair competition.
3. That the Court issue a temporary, preliminary and, thereafter, permanent injunction against Defendants, and their officers, agents, servants, employees, and all others in active concert or participation with them with notice, enjoining and restraining them from the following:
   a. Producing, manufacturing, marketing, designing, distributing, circulating, selling, offering for sale, advertising (including all forms of media), merchandising, making, making the same, similar or derivative products from the M7 Kit, from importing, promoting, or displaying any product that includes any reproduction, counterfeit, copy or imitation of any of Plaintiff's

///

products, including but not limited to carrying out such acts using the Bawarrion Marks, M7 designor designating any such product as "M7 Kit";

b. Engaging in any other activity which damages Plaintiff's reputation, business or goodwill;

c. Causing Defendants' goods and services to be passed off as made, authorized, sponsored by, endorsed by or otherwise connected or affiliated with Plaintiff;

d. Assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

4. That the court order Defendants to:

a. remove all materials in any media and any tangible form, including photos, advertising materials which display in any media the JK Wrangler Jeep outfitted with Plaintiff's M7 Kit and/or bearing its marks, including the Bawarrion Markson descriptions of the same;

b. turn over to Plaintiff all photos, materials, documents, electronic images, or other evidence that relates to the advertising, promotion, production, distribution, sale, import or marketing of the M7 Kit or any goods identical or similar thereto;

c. provide an accounting to Plaintiff for any and all profits derived by Defendants from their actions, to be increased in accordance with the applicable provisions of law;

d. pay to Plaintiff restitution of their profits, if any, from the activities described above;

e. pay to Plaintiff both the costs of this action and reasonably attorneys' fees incurred by Plaintiff in prosecuting this action; and

f. pay to Plaintiff general, special, actual and/or statutory damages, according to proof at trial.

5. That the Court issue a declaratory judgment that Defendants are not authorized to copy, sell, import, transfer, market, display or create identical or similar products to Plaintiff's M7 Kit.
6. That the Court issue a declaratory judgment that Defendants are not authorized to use Plaintiff's Bawarrion Marks, which includes but is not limited to copying, selling, importing, transferring, marketing, displaying, or creating products that bear Plaintiff's Bawarrion Marks.
7. That damages awarded for false designation of origin be trebled.
8. For the imposition of a constructive trust.
9. For interest at the legal rate.
10. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all of the claims herein.

Dated: February 13, 2017

WILSON KEADJIAN BROWNDORF, LLP

By: /s/ Lisbeth Bosshart Merrill
Lisbeth Bosshart Merrill
Attorneys for Plaintiff
ORZ, GmbH & Co. KG